**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 4, 2022[*]
Decided May 6, 2022

## Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 21-3038 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, *Plaintiffs-Appellees*, | |
| *v.* | No. 20-cv-4985 Sharon Johnson Coleman, *Judge*. |
| STEVEN IVANKOVICH, *Defendant-Appellant*. | |

**Order**

   Plaintiffs extended about $3 million in loans to entities controlled by Steven Ivankovich, who guaranteed repayment. When the entities did not pay, plaintiffs filed this suit to collect on the guaranty. Ivankovich ignored the litigation, and the district judge entered a default. After Ivankovich secured counsel, the judge vacated the default. But the lawyer withdrew, and Ivankovich missed a deadline for securing new counsel—and

---

[*] Counsel for appellant waived his participation in oral argument. The panel then decided that it is unnecessary to receive oral argument from appellee. See Fed. R. App. P. 34(a); Cir. R. 34(f).

while litigating *pro se* Ivankovich again failed to appear at scheduled hearings. The district judge then entered a second default, followed by a judgment for more than $4.5 million (the original sums plus interest and attorneys' fees). 2021 U.S. Dist. LEXIS 154674 (N.D. Ill. Aug. 17, 2020), reconsideration denied, 2021 U.S. Dist. LEXIS 216712 (Oct. 20, 2021).

Ivankovich's lead argument on appeal is that the district court lacked subject-matter jurisdiction because Zhu Zhai Holdings is a form of limited liability company that did not disclose its members' identities and citizenships. Yet a Hong Kong business with the style "Limited" or "Ltd." is treated as a corporation for purposes of American law. See *Superl Sequoia Ltd. v. Carlson Co.*, 615 F.3d 831, 832 (7th Cir. 2010). Accord, *Jet Midwest International Co. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019). Ivankovich's appellate briefs do not cite either of these decisions, and we lack any reason to depart from their holdings.

Ivankovich has a second jurisdictional argument: that the borrowers are necessary parties and would, if joined, spoil complete diversity. Yet he does not explain *why* they are necessary under the terms of the guaranty (which he never quotes) or Hong Kong law (which the parties agreed would govern). Collection from a guarantor without the participation of the original debtors is common in American law, see, e.g., *Indigo Old Corp. v. Guido*, No. 21-1922 (7th Cir. Mar. 28, 2022), and we have not been offered any reason to suppose that Hong Kong law is different.

This leaves only the argument that the district judge abused her discretion in declining to set aside the default. Yet Ivankovich concedes failing to appear at many scheduled hearings, personally or by counsel. That he may have had an excuse for one non-appearance (notice was mailed to his address in Illinois but not his address in Florida) does not explain or excuse the other non-appearances. Nor does he proffer a plausible defense on the merits. He does not contend, for example, either that the borrowers have repaid or are not yet required to repay, or that he has satisfied his obligation under the guaranty. The district judge did not abuse her discretion.

AFFIRMED